UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STARBABE THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>IMPERIAL CLEANING SYSTEMS, INC. et al.,<br><br>    Defendants. | Case No. 3:18-cv-00772<br><br>Chief Judge Waverly D. Crenshaw Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Waverly D. Crenshaw Jr., Chief District Judge

## REPORT AND RECOMMENDATION

This employment discrimination action arises out of Plaintiff Starbabe Thomas's employment with Defendant Imperial Cleaning Systems, Inc. (Imperial). Thomas alleges that, after she ended a consensual sexual relationship with Imperial's president and general manager and complained about subsequent sexual harassment, Imperial terminated her employment in violation of Title VII of the Civil Rights Act of 1964 (Title VII). (Doc. No. 1.) Imperial has filed a motion to dismiss (Doc. No. 17), and Thomas has filed a motion to strike portions of Imperial's answer (Doc. No. 20). For the following reasons, the Magistrate Judge will recommend that both motions be denied.

## I. Background

### A. Thomas's Allegations[1]

Imperial hired Thomas as a business manager. (Doc. No. 1.) Thomas states that, "upon being hired," she was in a consensual sexual relationship with Robert Sherrill, Imperial's president and general manager. (*Id.*) After Thomas ended the relationship about a month later, Sherrill "became verbally abusive and would humiliate [Thomas] in front of other co-workers any chance he could." (*Id.* at PageID# 5.) The abuse escalated after Sherrill insisted that Thomas work in his office instead of the separate office where she had previously worked. (*Id.*) On one occasion, Sherrill threatened to hit Thomas in the head and publicly chastised her in a business meeting. (Doc. No. 1-1.) Three days before Thomas's termination, Sherrill "yell[ed] and curs[ed]" at her. (*Id.* at PageID# 14.) Sherrill's assistant also told Thomas that Sherrill said she "better not have sex with anyone in that office" and that he would "keep cameras on [her] so he will know and he can watch." (*Id.* at PageID# 13.) The abuse made Thomas feel embarrassed and depressed; she cried frequently and "wasn[']t sleeping." (*Id.* at PageID# 14.) Thomas was also self-employed in addition to working for Imperial, and she worried that Sherrill would use his business influence to prevent her from working with his peers. (*Id.*)

Thomas asked Sherrill on several occasions to stop verbally abusing her, but Sherrill did not stop. (*Id.*) On September 7, 2017, Thomas and Sherrill got into an argument about how Sherrill was treating Thomas, and Thomas told Sherrill that she would not accept his verbal abuse anymore. (*Id.*) Later that day, Sherrill fired her. (*Id.*) Thomas did not receive her last paycheck, and Sherrill told Thomas that she "will not get another dime of his money." (*Id.* at PageID# 13.)

---

[1] These allegations are drawn from Thomas's complaint and are taken as true for the purposes of ruling on the motion to dismiss.

### B. Procedural History

Thomas received a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission (EEOC) on May 31, 2018, and filed this action pro se against Sherrill and Imperial on August 17, 2018. (Doc. No. 1.) Thomas alleges that her termination constituted retaliation based on her protest of how Sherrill was treating her, in violation of Title VII, and seeks an official apology from Imperial, $12,000.00 in back pay, $27,000.00 in liquidated damages, $300,000.00 in compensatory damages, and $300,000.00 in punitive damages. (*Id.*)

The Court granted Thomas's application to proceed *in forma pauperis* and screened Thomas's complaint under 28 U.S.C. § 1915(e)(2). (Doc. No. 5.) The Court dismissed Thomas's claim against Sherrill but found that Thomas had stated a colorable Title VII retaliation claim against Imperial and allowed that claim to proceed. (*Id.*)

Imperial filed a combined answer and motion to dismiss on January 11, 2019.[2] (Doc. Nos. 17, 18.) Imperial summarily moved to dismiss Thomas's complaint because Thomas "failed to assert any fact in her [c]omplaint to support a claim against [it] . . . ." (Doc. No. 18, PageID# 64.) On January 30, 2019, Thomas responded that Imperial failed to support its motion to dismiss with any case law or facts. (Doc. No. 20.) Thomas also moved to strike one denial and six affirmative defenses from Imperial's answer because "they inject irrelevant or immaterial issues, assert defenses that are insufficient as a matter of law, and/or would prejudice Plaintiff by threatening an undue broadening of the issues." (*Id.* at PageID# 71.) Imperial replied on February 11, 2019,

---

[2] Imperial filed a motion for extension of time to file the answer on December 26, 2018. (Doc. No. 8.) The Court granted Imperial's motion and extended the deadline to January 11, 2019. (Doc. No. 15.)

arguing that Thomas's response and motion to strike were untimely filed and lack a basis in fact or law.[3] (Doc. No. 22.)

## II. Legal Standards

### A. Motion to Dismiss

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court views Thomas's allegations in the light most favorable to her and accepts all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, that statement must allege sufficient facts to show that the claims are "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). To meet the plausibility standard, Thomas must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Id*. (alteration omitted) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Finally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

---

[3] Imperial also argues that Thomas's response includes new allegations that were not contained in her original complaint and must therefore be stricken from the record. (Doc. No. 22.) The Magistrate Judge finds that Thomas's response includes only supporting facts for allegations already raised in her complaint.

4
Case 3:18-cv-00772    Document 23    Filed 06/20/19    Page 4 of 13 PageID #: 113

pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B.     Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that the Court may, upon a party's motion or sua sponte, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike affirmative defenses "are properly granted when 'plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017) (quoting *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)). The Court has ample discretion to strike filings under Rule 12(f). *Van Loo v. Cajun Operating Co.*, 64 F. Supp. 3d, 1007, 1012 (E.D. Mich. 2014); *see also Conocophillips Co. v. Shaffer*, No. 3:05-cv-7131, 2005 WL 2280393, at *2 (N.D. Ohio Sept. 19, 2005) ("Rule 12(f) permits the Court to act with discretion in that it *may* strike irrelevant and superfluous defenses or let them stand." (emphasis in original)). However, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan*, 783 F.3d at 1050 (citing *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953)). That is "because of the practical difficulty of deciding cases without a factual record . . .," *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822, and because of the potentially "dilatory character" of a motion to strike, *United States v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381, at 672–78 (3d ed. 1990)).

**III. Analysis**

    **A.    Timeliness of Thomas's Response to Imperial's Motion to Dismiss**

Thomas's response in opposition to Imperial's motion to dismiss was filed five days late, and Imperial argues that the Court should disregard Thomas's response under Local Rule 7.01(a)(3) because it was untimely filed. (Doc. No. 22.) However, Local Rule 1.01(a) gives this Court discretion to deviate from any Local Rule "when appropriate for the needs of the case and the administration of justice." M.D. Tenn. Rule 1.01(a) (deviation from local rules). In light of Thomas's pro se status and in the interests of administering justice, it is appropriate for the Court to consider Thomas's opposition in its analysis of Imperial's motion to dismiss. Moreover, as explained below, Imperial's motion would fail even absent consideration of Thomas's response.

    **B.    Imperial's Motion to Dismiss**

Imperial's argument in support of its motion to dismiss Thomas's complaint consists of a single sentence:

> Applying the[] familiar [*Twombly* and *Iqbal*] standards, Plaintiff fails to allege the required elements for her claims against Defendant so the Complaint should be dismissed with prejudice, as Plaintiff has failed to assert any fact in her Complaint to support a claim against Defendant for which relief may be granted.

(Doc. No. 18, PageID# 64.) It is well established that courts may deny such perfunctory motions to dismiss as a matter of course. As the Sixth Circuit explained in *United States v. Fowler*, "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." 819 F.3d 298, 309 (6th Cir. 2016) (second alteration in original) (quoting *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)); *see also Kenyon v. Clare*, No. 3:16-cv-00191, 2016 WL 6995661, at *5 (M.D. Tenn. Nov. 29, 2016) (denying in part defendant's 12(b)(6) motion on the basis that it lacked legal analysis); *Mensah v.*

*Caruso*, No. 10-13233, 2011 WL 4027307, at *2–3 (E.D. Mich. Sept. 12, 2011) (holding that defendants failed to carry their burden that Plaintiff's claims should be dismissed when their motion to dismiss argument consisted of one sentence). Moreover, Imperial's bare-bones statement fails to provide any reason for this Court to depart from its prior finding that Thomas has stated a colorable Title VII claim of retaliation against Imperial. (Doc. No. 5.) Because Thomas is proceeding *in forma pauperis*, however, this Court has an ongoing obligation to ensure that her complaint states a claim upon which relief may be granted and will review the pleading on that basis. 28 U.S.C. § 1915(e)(2)(B)(ii); *Hill v. Lapin*, 630 F.3d 468, 470 (6th Cir. 2010).

To state a claim of retaliation under Title VII, Thomas must allege sufficient facts from which the Court can reasonably infer that she experienced an adverse result "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 28 U.S.C. § 2000e–3(a). "[A]n employment discrimination complaint need not include [facts establishing a prima facie case of discrimination under the framework set forth by this Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)).[4]

---

[4] Although Thomas is not required to plead a prima facie case of retaliation at this stage in the proceedings, a threshold question to any Title VII claim is whether the defendant satisfies the statute's employee numerosity requirement of fifteen or more employees. *See Bryson v. Middlefield Volunteer Fire Dep't, Inc.*, 656 F.3d 348, 351 (6th Cir. 2011) ("To be subject to the antidiscrimination provisions of Title VII, the [company] must qualify as an 'employer,' meaning that it must have 'fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . .'" (quoting 42 U.S.C. § 2000e(b))). The employee numerosity requirement is an element of Thomas's claim for relief, but it is not jurisdictional. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006). Thomas stated in her initial

Thomas alleges that, after she broke off the consensual relationship with Sherrill, Sherrill verbally abused her on numerous occasions including yelling and cursing at her, threatening to hit her during a meeting, and telling her coworkers that she was not to have sex with others in the office. When Thomas confronted Sherrill and told him she would not take his verbal abuse anymore, Sherrill fired her within hours and refused to give Thomas her last paycheck. Accepting these allegations as true, Thomas has pleaded sufficient facts to support a reasonable inference that Imperial retaliated against her in violation of Title VII because she complained about experiencing sexual harassment. *See Babcock v. Frank*, 729 F. Supp. 279, 288 (S.D.N.Y. 1990) (denying motion to dismiss where employee ended a consensual relationship with her supervisor, was subject to harassment, complained about the harassment, and subsequently suffered discriminatory treatment from other supervisors in response to her complaints); *cf. Forrest v. Brinker Int'l Payroll Co.*, 511 F.3d 225, 230 (1st Cir. 2007) ("Nowhere does prior case law suggest that certain types of discriminatory behavior, held to constitute gender-based harassment in other cases, may not constitute gender-based harassment when the parties had previously engaged in a romantic relationship."); *Perks v. Town of Huntington*, 251 F. Supp. 2d 1143, 1156–57 (E.D.N.Y. 2003) (concluding that an employee who is the victim of harassment can invoke Title VII protection

---

EEOC Charge of Discrimination both that Imperial employed five employees and that Imperial employed more than twenty employees, leaving a factual question as to the actual number of Imperial employees. (Doc. No. 1-1.) However, because the employee numerosity requirement is a nonjurisdictional element of Thomas's claim, it is subject to waiver. *See Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849–50 (2019) (including Title VII's numerosity requirement in a list of nonjurisdictional rules that can be forfeited if the opposing party waits too long to assert it); *Arbaugh*, 546 U.S. at 503–04, 516; *Thomas v. Ala. Home Constr.*, 271 F. App'x 865, 867 (11th Cir. 2008) (holding that an employer waived the employee-numerosity requirement by failing to raise it before the close of trial). Imperial has not raised this issue as a defense. Because "[n]othing in the text of Title VII indicates that Congress intended courts, on their own motion, to assure that the employee-numerosity requirement is met" when an employer does not argue otherwise, the Court will not address the employee-numerosity requirement sua sponte. *Arbaugh*, 546 U.S. at 514.

despite a previous consensual relationship with the harasser). Because Thomas has pleaded sufficient facts to support a reasonable inference that Imperial retaliated against her in violation of Title VII, Imperial's motion to dismiss should be denied.

### C. Thomas's Motion to Strike

Thomas has moved to strike a denial in paragraph sixteen of Imperial's answer and six affirmative defenses made in paragraphs seventeen through twenty-two. (Doc. No. 20.) In deciding whether to grant Thomas's motion, the Court must determine whether Imperial's denial and affirmative defenses are sufficiently pleaded. Fed. R. Civ. P. 12(f). The Sixth Circuit has not decided the applicability of *Twombly* and *Iqbal* to affirmative defenses. *See Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 547 n.6 (6th Cir. 2012) ("We . . . have no occasion to address, and express no view regarding, the impact of [*Twombly* and *Iqbal*] on affirmative defenses."). However, the prevailing view among district courts within the Sixth Circuit is that the defendant does not need to plead an affirmative defense with the particularity required by *Twombly* and *Iqbal*. *See, e.g.*, *Owners Ins. Co. v. Winfree*, No. 2:14-0004, 2014 WL 12788843, at *1–2 (M.D. Tenn. May 15, 2014); *see also Ailey v. Midland Funding, LLC*, No. 3:11-CV-77, 2011 WL 3049283, at *3 (E.D. Tenn. July 25, 2011) (declining to extend *Twombly* and *Iqbal* to affirmative defenses); *McLemore v. Regions Bank*, Nos. 3:08-cv-0021, 3:08-cv-1003, 2010 WL 1010092, at *13 (M.D. Tenn. Mar. 18, 2010) (same). Thus, affirmative defenses that are pleaded in general terms and provide the plaintiff with "'fair notice of the nature of the defense'" are sufficient to withstand a motion to strike. *Malibu Media, LLC v. Doe*, No. 1:14CV2293, 2015 WL 5730756, at *3 (N.D. Ohio Sept. 29, 2015) (quoting *Chiancone v. City of Akron*, No. 5:11CV337, 2011 WL 4436587, at *2 (N.D. Ohio Sept. 23, 2011)); *see also Hawkins v. Ctr. for Spinal Surgery*, No. 3:12-cv-01125, 2015 WL 1096970, at *1 (M.D. Tenn. Mar. 11, 2015) ("[A]n affirmative defense will be held to be sufficient as long as it gives fair notice of the nature of the defense.").

Paragraph sixteen of Imperial's answer states that "Sumner County denies every allegation contained in Plaintiff's Amended Complaint that was not previously admitted or denied." (Doc. No. 17, PageID# 59.) As Thomas points out, Sumner County is not a party to this case and there is no amended complaint in this action. (Doc. No. 20.) Imperial's reference to Sumner County therefore appears to be its counsel's drafting error. Because this paragraph is likely a remnant of some other case, there is no prejudice to Thomas in permitting this language to remain in the pleadings. *See Conocophillips Co.*, 2005 WL 2280393, at *2 ("There is absolutely no harm in letting [irrelevant and superfluous defenses] remain in the pleadings if, as the Plaintiff contends, they are inapplicable.").

Thomas also attacks the affirmative defenses in paragraphs seventeen through twenty-two of Imperial's answer.[5] Thomas argues that Imperial's assertion in paragraph seventeen that her

---

[5] Those affirmative defenses read, in full:

> 17. By way of further answer and affirmative defense, Defendant states that Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).
>
> 18. By way of further answer and affirmative defense, Defendant states that there was a legitimate, non-discriminatory reason for all of the employee decisions relating to Plaintiff at issue in this lawsuit.
>
> 19. By way of further answer and affirmative defense, Defendant states that Plaintiff was not subject to unwelcomed sexual harassment or retaliation at any time during the tenure of any employment with the Defendant, and even though Defendant denies any "relationship" between Plaintiff and Robert Sherrill other than the one time sexual encounter referenced hereinabove, Plaintiff herself through the Complaint affirms that such encounter was "consensual" on her part, and therefore any charges and claims by her against Defendant must [be] dismissed.
>
> 20. By way of further answer and affirmative defense, Defendant would state and show that Plaintiff never made any complaint to Defendant prior to her discharge on September 7, 2017 for insubordination as to her being subjected to any harassment, humiliation, or retaliation, or hostile working environment.

complaint "fails to state a claim upon which relief can be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 17, PageID# 59) is not supported by case law or facts. (Doc. No. 20.) Federal Rule of Civil Procedure 12(h)(2)(A) expressly permits defendants to raise "failure to state a claim" affirmative defenses, Fed. R. Civ. P. 12(h)(2)(A), and courts in the Sixth Circuit have accepted "failure to state a claim" affirmative defenses and refused to strike them. *Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distribs. Inc.*, No. 3:09-cv-01098, 2011 WL 4729811, at *15 (M.D. Tenn. Oct. 7, 2011) ("Rule 12(h)(2)(A) permits a party to raise 'failure to state a claim' in 'any pleading allowed or ordered under Rule 7(a),' which includes the Answer."); *Hughes v. Lavender*, No. 2:10-cv-674, 2011 WL 2945843, at *4 (S.D. Ohio July 20, 2011) ("It is well-settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in an answer." (alterations and citation omitted)).

Thomas's primary argument against Imperial's affirmative defenses in paragraphs eighteen, nineteen, twenty, and twenty-two is that they are generic and not "true defense[s]" that would mitigate Imperial's liability for the conduct alleged in Thomas's complaint. (Doc. No. 20, PageID# 72–73.) All that is required at this stage, however, is that Imperial provide Thomas with fair notice of the nature of the defenses it may raise. *See Malibu Media, LLC*, 2015 WL 5730756,

---

21. By way of further answer and affirmative defense, Defendant would state and show that Plaintiff's claims and allegations are time barred [by] the applicable statutes of limitations for the charges and claims asserted against Defendant, and should be dismissed.

22. By way of further answer and affirmative defense, and while denying that it committed any illegal acts that damaged Plaintiff, Defendant states that Plaintiff has not properly mitigated her damages.

(Doc. No. 17, PageID# 59–60.)

at *3. Imperial has done so. Whether its defenses will succeed will depend on how this case develops.

Finally, Thomas asks the Court to strike Imperial's affirmative defense in paragraph twenty-one asserting that Thomas's "claims and allegations are time barred [by] the applicable statutes of limitations for the charges and claims asserted against Defendant, and should be dismissed" (Doc. No. 17, PageID# 60). (Doc. No. 20.) But Thomas has not provided any reasoning or support to justify striking this defense, and the Sixth Circuit has upheld a similarly worded affirmative defense as sufficiently pleaded. *See Montgomery v. Wyeth*, 580 F.3d 455,467–68 (6th Cir. 2009) (affirming district court's finding that defendants sufficiently pleaded statute-of-repose defense by stating in their answer that "Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose."). Given the general aversion to granting motions to strike and the low bar of the fair-notice standard, Imperial has provided fair notice of the nature of each defense and Thomas's motion to strike is therefore unwarranted. *See McLemore*, 2010 WL 1010092, at *13.

**IV. Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Imperial's motion to dismiss (Doc. No. 17) be DENIED and Thomas's motion to strike (Doc. No. 20) also be DENIED.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 20th day of June, 2019.

ALISTAIR E. NEWBERN
United States Magistrate Judge